# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-16-120-R |
| | ) | CIV-19-199-R |
| DONNY DESHON CURRY, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Vacate filed by Defendant Donny Deshon Curry (Doc. No. 82). The United States responded in opposition to the motion and Defendant filed a Reply in support of his motion.[1] Upon consideration of the parties' submission, the Court finds as follows.

28 U.S.C. § 2255 (2012) provides that prisoners in federal custody may challenge their sentences if: (1) the sentence was imposed in violation of the United States Constitution or federal law; (2) the sentencing court had no jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized sentence; or (4) the sentence is otherwise subject to collateral review. § 2255(a). Relief is available under Section 2255 only if "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted). The Court must presume "that the

---

[1] The Court has also received Notices of Supplemental Authority from both parties which have been considered herein, even if not directly addressed by this Order.

proceedings leading to the conviction were correct," and the burden is on the movant to demonstrate otherwise. *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989). The Court must hold an evidentiary hearing unless the motion, files, and records conclusively show that the prisoner is not entitled to relief. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995).

On October 27, 2016, Defendant pled guilty to Count 3 of a Superseding Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced on April 10, 2017 to 188 months imprisonment based in part on his status as an Armed Career Criminal under the enhanced penalty provision set forth in 18 U.S.C. § 924(e)(1). An attempt at appeal was dismissed because of the appellate waiver contained in his Plea Agreement.[2] Defendant files the instant Motion to Vacate, asserting six grounds for relief, each of which relies on the alleged ineffective assistance of counsel: (1) his counsel permitted him to plead guilty without ensuring that he understood the severity of pleading guilty in light of the potential for the Armed Career Criminal enhancement; (2) that counsel's arguments in support of the suppression of evidence were not well developed; (3) counsel failed to object to the PSR and to the Court's decision to treat two drug counts from the same criminal case as separate offenses in

---

[2] This is not technically Mr. Curry's first § 2255 motion; he filed a prior motion after his counsel failed to file a notice of appeal. As succinctly described by the Tenth Circuit in its Order and Judgment dismissing the case:
> Counsel for Mr. Curry initially failed to file an appeal. Mr. Curry then filed a pro se 28 U.S.C. § 2255 motion, asserting his counsel was ineffective for failing to file an appeal when Mr. Curry had requested that counsel do so. The district court granted the motion on that issue, vacated the prior judgment, and then reentered the judgment so Mr. Curry could perfect an appeal.

Doc.No. 83-5, p. 2.

support of the ACCA enhancement[3]; (4) counsel failed to object when the Government breached the plea agreement by failing to follow through on the promise of sentencing him within the statutory range of punishment, that is not more than ten years;[4] (5) appellate counsel failed to raise an issue in her initial response to the motion by the United States to enforce the appellate waiver resulting in loss of the issue; and (6) his plea was not knowing and voluntary because of counsel's errors.

To establish ineffective assistance of counsel, Defendant must fulfill the familiar two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984). He must establish both that counsel's performance was deficient and that this deficiency prejudiced him. *See Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016). To demonstrate prejudice, Defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The Court may consider the two prongs in any order, *see id*. at 697; an insufficient showing on either one is fatal to an ineffective-assistance claim, *see id*. at 700. A court considering a claim of ineffective assistance of appellate counsel for failure to raise an issue is required to look to the merits of the omitted issue. Where the omitted issues are meritless, counsel's failure to raise them on appeal does not constitute

---

[3] Defendant's attorney objected to the use of the predicate offenses at sentencing, which the Court overruled. Doc.No. 83-2, pp. 6-7.

[4] The maximum sentence applicable without the ACCA enhancement was ten years.

constitutionally ineffective assistance of counsel. *Hooks v. Ward*, 184 F.2d 1206, 1221 (10th Cir.1999), s*ee also, Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Defendant first argues his counsel was constitutionally ineffective at sentencing because he failed to object to use of two of his prior convictions, Assault with a Dangerous Weapon and Robbery with a Firearm, to support application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), enhancement.[5] He further complains that counsel failed to object to the Court's use of two prior drug convictions stemming from a single case before the Honorable Judge Stephen P. Friot, as separate predicate offenses for the ACCA enhancement.

> The offense of conviction is a violation of 18 U.S.C. § 922(g), and the defendant has two prior violent felony convictions (Robbery with Firearms, CF-1196-3025; Assault with a Dangerous Weapon, JF-1993-1812) and two prior serious drug offenses (Distribution of Cocaine, CR-06-297, Counts 1 and 2), which were committed on different occasions. Therefore, the defendant is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e). Because the defendant also possessed a firearm and ammunition in connection with another felony offense, that offense being Possession of Marijuana with Intent to Distribute, the offense level [is] 34. . . USSG § 4B1.4(b)(3)(A).

Pre-sentence Investigation Report (Doc.No. 46, ¶ 25).

To the extent Defendant argues that counsel failed to object to the consideration of his assault with a deadly weapon and robbery with a firearm convictions being used for purposes of enhancement under the ACCA, his position is not supported by the record. In the Final Presentence Investigation Report, the probation officer noted the objection to

---

[5] The sentence for possessing a firearm as a felon under 18 U.S.C. § 922(g)(1) is capped at ten years imprisonment, unless the person being sentenced has three or more prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(a)(2), (e)(1).

relying on each of these prior convictions and concluded the objections were unfounded. In light of the objections to the presentence report, the Court addressed the use of the prior convictions at sentencing and reached the same conclusion as the probation officer.[6] The Court addressed the issue at sentencing in light of the objection, concluding (that the objection to paragraph 35 of the presentence report was unfounded. (Doc. No. 58, p. 7). Similarly, and contrary to Defendant's assertion, counsel did object to the robbery with a firearm being used to support the ACCA enhancement, an objection the Court overruled. *Id.*

With regard to Defendant's prior drug convictions being used to support the ACCA enhancement, counsel did object to the Court using both counts from a single criminal case as separate convictions to support the enhancement. That the two counts were from the same underlying criminal case is not dispositive. Two offenses are "committed on occasions different from one another" when they are "committed at distinct, different times." *United States v. Johnson*, 130 F.3d 1420, 1431 (10th Cir. 1997) (internal quotation marks and citations omitted). If the defendant decided to continue with a criminal course of conduct after "a meaningful opportunity" to stop, the crimes will be considered distinct. *United States v. Delossantos*, 680 F.3d 1217, 1220 (10th Cir. 2012). In overruling counsel's objection, the Court applied the above law and concluded that the two drug counts in Case

---

[6] To the extent Defendant relies on *Johnson v. United States*, 135 S.Ct. 2551 (2015), his reliance is misplaced. In *Johnson*, the Supreme Court invalidated the residual clause of § 924(e). Defendant was sentenced after *Johnson* and the Court relied on the elements clause § 924(e)(2)(B)(i) in concluding that robbery with a firearm and assault and battery with a dangerous weapon qualified as violent felonies.

5

No. CR-06-297-F were committed on two occasions in light of the standard set forth above. (Doc.No. 58, p. 6-7). Defendant's contention that counsel failed to object is without merit.

Defendant contends that counsel failed to adequately explain the ACCA enhancement and should have asked for additional time to explain the potential enhancement prior to entering his plea of guilty. The Court disagrees that counsel's performance was constitutionally inadequate. At the plea hearing, the Court informed Defendant that, if the Court determined at sentencing that his criminal history fit the Armed Career Criminal statute, he would have to file a § 2255 to challenge that finding rather than seeking relief on appeal. The Defendant indicated to the Court that he had no questions about the process. (Doc. No. 64, p. 11).[7] Defendant has failed to establish that counsel's performance was deficient and therefore is not entitled to § 2255 relief on Claim 1 of the instant motion.

In Claim 2, Defendant argues counsel was constitutionally ineffective because the "Motion to Suppress was not on course to allow the court to grant the petitioner's Motion to Suppress." (Doc.No. 83, p. 15). On August 29, 2016, counsel filed a Motion to Suppress on behalf of Mr. Curry. The Court set the motion for hearing after receiving the Government's response thereto. Following argument at the October 17, 2016 hearing, the Court denied the motion. Defendant contends counsel's efforts in seeking the suppression

---

[7] The Government was asked at the plea haring to identify the maximum punishment Defendant could face from the charge to which he was pleading guilty. The prosecutor stated, "if the defendant were to be determined by this Court to be an Armed Career Criminal, he would face a term of imprisonment of not less than 15 years." (Doc.No. 64, p. 4). The prosecutor indicated that otherwise the statutory maximum was ten years. Defendant was clearly informed about the implications of an ACCA finding on his sentence.

of the evidence were sub-par and that counsel should have allowed him to "pull the plea" because he would then have been able to appeal denial of the motion to suppress.[8]

Defendant entered an unconditional plea of guilty and, as indicated in his plea colloquy and plea papers, he was aware of his appellate waiver. His attorney argued at the motion to suppress hearing that police officers waited too long to search the residence in question, fifteen days after the original incident that led to issuance of a warrant. He further argued that the items listed in the warrant were subterfuge to permit officers to search for items related to Mr. Curry, although his ties to the home were tenuous and that the warrant was stale.[9] Although Defendant is correct that he could not appeal the denial of the motion to suppress, this was the result of Defendant's decision to enter an unconditional plea of guilty. *See, e.g., United States v. Adigun*, 703 F.3d 1014, 1022 (7th Cir. 2012) (holding defendant's unconditional "open" plea to drug charges was not a conditional plea under Rule 11(a)(2), so defendant was barred from appealing district court's rulings on defendant's pre-plea suppression motions). Defendant stated on the record at his plea hearing that he made the decision to plead guilty. Once a defendant has entered a plea of guilty, he may not raise subsequent claims regarding the deprivation of his constitutional rights occurring before the plea. Although Fed. R. Crim. P. 11(a)(2) allows a defendant to enter a conditional guilty plea "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion" Defendant does not

---

[8] To the extent Defendant complains that his original counsel failed to file a notice of appeal thereby prejudicing him with regard to denial of the motion to suppress, any error caused by not filing a notice of appeal was corrected when the Court entered a new judgment and Defendant pursued his direct appeal.

[9] The government pointed out that if Mr. Curry was not a resident of the home he lacked standing to challenge the search. (Doc. No. 77, p. 9).

indicate that he requested such a plea, nor is there evidence that such a request would have been granted as is required for a conditional plea. Finally, at the hearing on his change of plea, Mr. Curry indicated that he was aware that with limited exception he was waiving his right to appeal and he had no questions, although counsel raised the ACCA enhancement which the Court addressed as set forth above. Defendant has failed to establish that counsel's performance was deficient with regard to the motion to suppress.

As his third ground for relief under § 2255, Defendant argues that counsel was ineffective because he failed to challenge the Court's use of two counts from the same criminal case, CR-06-297-F, as separate predicate offenses for the ACCA enhancement. (Doc.No. 83, p. 21). However, counsel did raise the issue and this Court was aware that both drug offenses were part of the same underlying case and that Mr. Curry was arrested one time and charged with both counts. As noted at sentencing, however, the distribution counts were premised on separate drug transactions on different days. In Count One of the Indictment in CR-06-297-F, Defendant was charged with distribution of cocaine base on January 31, 2006 in violation of 21 U.S.C. § 841(a)(1). Count 2, which charged another count of distribution of cocaine base under § 841(a)(1) was predicated on behavior occurring a week later, February 7, 2006. Furthermore, the Court found that Defendant had a meaningful opportunity to cease engaging in criminal activity between the two sales of crack cocaine to undercover officers. Finally, to the extent Defendant relies on the language in U.S.S.G. § 4A1.2, that provision of the sentencing guidelines is not relevant in the ACCA context. *United States v. Harris*, 643 F. App'x 734, 737 (10th Cir. 2016) ("However, in *United States v. Delossantos*, 680 F.3d 1217 (10th Cir.2012), we observed that § 4A1.2

is irrelevant in the ACCA context. *Delossantos*, 680 F.3d at 1220–21 n. 3."). Defendant has failed to establish that counsel was constitutionally ineffective with regard to the treatment of his prior drug convictions as predicate offenses under ACCA.

Defendant further contends counsel was ineffective in how he objected to the Government's reliance on two prior convictions as crimes of violence in support of the ACCA enhancement. As noted above, defense counsel did object. Furthermore, any additional objections would have been futile, because at least one of the convictions, robbery with a firearm in violation of Okla. Stat. tit. 21 § 801 is indisputably a violent felony under Tenth Circuit authority.

For the government to prevail, Defendant's status under Okla. Stat. tit. 21 § 801 must qualify under § 924(e)(2)(B)'s elements clause, which requires that the conviction "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

> To determine whether a prior offense is a crime of violence, we apply either the categorical approach or the modified categorical approach. *Descamps v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 2279, 186 L.Ed.2d 438 (2013). If the statute contains a single set of elements, we look to the elements of the statute and not to the facts of the individual crime. *Id.* If the statute of conviction is divisible -- that is, if it "lists multiple, alternative elements and so effectively creates several different crimes"— we apply the modified categorical approach. *United States v. Taylor*, 843 F.3d 1215, 1220 (10th Cir. 2016). We review a limited set of materials, including the charging document, to determine which elements applied to defendant's particular conviction. *Id.*

*United States v. Hill*, 722 F. App'x 814, 817 (10th Cir. January. 31, 2018).[10]

---

[10] In the categorical approach the Court considers the elements of the crime, not the facts of the case. *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017), cert. denied, ––– U.S. –––, 138 S. Ct. 1438, 200 L.Ed.2d 716 (2018).

9

Hill also has two convictions for robbery with a firearm under Okla. Stat. tit. 21 § 801. Oklahoma defines robbery as a "wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will accomplished by means of force or fear." Okla. Stat. tit. 21 § 791. A defendant is subject to an increased penalty if he "with the use of any firearms or other dangerous weapon . . . robs or attempts to rob any place of business, residence, or banking institution or other place inhabited or attended by any person or persons." Okla. Stat. tit. 21 § 801. The elements of robbery with a dangerous weapon under § 801 include the wrongful taking of property from another "by force/fear" using a dangerous weapon. *Primeaux v. State*, 88 P.3d 893, 906 (Okla. Crim. App. 2004) A conviction under § 801 therefore required proof of the use, threatened use, or attempted use of physical force.

*Id.* In *United States v. Byers*, 739 F. App'x 925 (10th Cir. June 27, 2018), the court again concluded that robbery with a firearm under § 801 satisfies the use of force clause of the ACCA. "This court previously has determined that Oklahoma robbery by "force or fear," as defined in § 791, satisfies the use of force clause of the ACCA. *See United States v. Cherry*, 641 F. App'x 829, 831-33 (10th Cir. 2016)." *Id.* at 928. Robbery with a dangerous weapon under § 801 thus necessarily includes the wrongful taking of property from another "by force or fear" using a dangerous weapon." *Id.* at 928.[11]

Defendant further challenges the Court's reliance at sentencing on, and counsel's manner of objecting to, a juvenile conviction for assault with a deadly weapon, which, according to the Presentence Investigation Report, was originally charged as Pointing a Firearm. (Doc.No. 46, ¶ 35). Again, as set forth above, defense counsel objected to relying

---

The Court considers the "minimum culpable conduct"— here, the minimum degree of force — required for a conviction under the state law. *Id*. at 1264.

[11] In *Stokeling v. United States*, 139 S. Ct. 544, 549 (2019), the Supreme Court held that a robbery offense that has as an element the use of force "sufficient to overcome a victim's resistance" necessitates the use of 'physical force' as required by *Curtis Johnson v. United States,* 559 U.S. 133, 138 (2010) for purposes of the elements clause. *See also United States v. Harbert*, 772 F. App'x 710 (10th Cir. June 14, 2019)(rejecting under *Stokely* argument that Oklahoma's statute defining robbery does not qualify as violent felony conviction for the ACCA).

on the conviction for enhancement under the ACCA; the probation officer rejected the objection but noted that, even if the Court determined the conviction in JF-1993-1812 should not be considered for ACCA purposes, Mr. Curry had three other predicate convictions. Having rejected Defendant's challenges regarding the two serious drug offense convictions and his conviction under § 801, the Court finds no need to assess counsel's performance as it pertains to Defendant's juvenile conviction because success in challenging this claim would not alter the outcome herein.

In Claim Four, Defendant asserts counsel was ineffective because he failed to bring to the Court's attention that the Government was in breach of the plea agreement. (Doc. No. 83, p. 43). Counsel's ineffectiveness, Defendant argued, rendered the plea involuntary. Defendant's contention is premised on paragraph 8 of the Plea Agreement, which provides:

> Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty.

(Doc.No. 83-8, ¶ 8). Defendant contends that, because he was sentenced under the ACCA, his sentence was not within the statutory maximum range of ten years. The Court finds no basis in the Plea Agreement for concluding that the Government breached any of its obligations. First, during the plea colloquy, the Court had the following exchange with Mr. Curry:

> The COURT: Do you understand the sentence you'll receive is solely a matter within the control of the judge, and while the Court assumes you hope to receive leniency, are you prepared to accept any punishment permitted by law which the Court sees fit to impose?
> The DEFENDANT: Yes, sir.

(Doc.No. 90-7, at 8). The United States correctly noted at the beginning of the plea hearing that the Court would be determining whether Defendant was an Armed Career Criminal. Later Defendant's counsel questioned whether Mr. Curry could pursue a direct appeal of a determination by the Court that he was an Armed Career Criminal. The Court helped explain that a § 2255 motion would be the remedy if the Court found the enhancement applicable. *Id.* pp. 5, 9 and 11.[12]

In short, counsel cannot be considered constitutionally ineffective for failing to argue that the United States breached the plea agreement when the agreement does not preclude consideration of the Armed Career Criminal provision and further, the Court, not the government, was responsible for sentencing. Defendant was made aware of and agreed to this procedure.

In Claim (5) Defendant challenges the effectiveness of appellate counsel, arguing that she should have argued to the Tenth Circuit that his sentence exceeded the statutory maximum because the Armed Career Criminal provisions did not apply. Counsel raised the issue in a Motion for Rehearing, arguing that because the ACCA enhancement was improperly applied Defendant's sentence exceed the applicable maximum statutory range

---

[12] In addition to paragraph 8, set forth in part above, the Plea Agreement includes the following:
> 3. The maximum penalty that could be imposed as a result of Count 3 of this plea is 10 years imprisonment or a fine of $250,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $100.00, and a term of supervised release of not more than 3 years.
> The penalty that could be imposed as a result of this plea, if the defendant is found by the Court to be an "Armed Career Criminal," that is a person who has at least 3 previous convictions by a court referred to in Title 18, United States Code, Section 922(g)(1) for violent felony or a serious drug offense, or both, committed on occasions different from one another, is not less than fifteen years imprisonment, a fine of up to $250,00.00, and a term of supervised release of 5 years.

Doc.No. 83-8, p. 2. The Plea Agreement advised Defendant of the statutory range of punishment, including the provision that an ACCA finding mandated fifteen years imprisonment.

12

and the appellate waiver was inapplicable. When counsel raised the issue in a petition for rehearing, the court denied the petition finding that the issue was raised too late.

Even assuming it was deficient performance by appellate counsel to fail to raise this issue, Defendant was not prejudiced, because his Robbery with a Firearm qualifies as a violent felony and he has two prior convictions for serious drug offenses, as set forth above. Accordingly, Defendant cannot meet the second prong of *Strickland* with regard to his ineffective assistance of appellate counsel claim and therefore he is not entitled to relief on Claim 5.

In Claim 6 Defendant challenges the voluntariness of his plea, arguing that counsel was constitutionally ineffective because he failed to inform Mr. Curry that the categorical approach had to be applied and because Defendant was not informed of the elements of the offense. Neither claim provides Defendant with a basis for § 2255 relief. With regard to the elements of the offense, the Plea Agreement signed by Defendant includes the following:

> Defendant agrees to enter a plea of guilty to Count 3 in Case Number CR-16-120-R charging felon in possession of a firearm and ammunition in violation of Title 18, United States Code. Section 922(g)(1). To be found guilty of Count 3, as charged in the Indictment, defendant must admit, and does admit, that: 1) he knowingly possessed a firearm and ammunition, 2) he was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm and ammunition, and 3) before he possessed the firearm and ammunition, the firearm and ammunition had moved at some point from one state to another.

(Doc.No. 36, ¶ 2). Accordingly, Defendant's contention that he was not informed of the elements of the offense is without merit in light of his signature and acquiescence to the terms of the Plea Agreement. To the extent Defendant believes he was entitled to be

informed about the categorical approach, he cites no authority in support of this contention, nor does he indicate that such knowledge would have altered the outcome of the proceedings. Furthermore, this Court need not undertake a categorical analysis where the Tenth Circuit has concluded that categorically, first degree robbery, including robbery with a firearm under § 801, is a crime of violence for purposes of the ACCA. Defendant fails to establish that counsel was constitutionally ineffective as set forth in Claim 6.

In a Notice of Supplemental Authority (Doc.No. 97) Defendant notes that the Supreme Court is scheduled to consider *Shular v. United States*, 736 F. App'x 876 (11th Cir. 2018), *cert. granted*, 139 S.Ct. 2773 (2019), which he believes is relevant to whether his prior federal drug offenses are predicate offenses under the ACCA. In *Shular,* the Supreme Court will consider whether the determination of a "serious drug offense" under the Armed Career Criminal Act requires the same categorical approach used in the determination of a "violent felony" under the Act. Here, Defendant was sentenced using the definition of "serious drug offense" found in § 924(e)(2(A)(i), that is, "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law." *Shular*, on the other hand, involves (A)(ii) and how courts are to interpret state drug offenses for purposes of the ACCA. Here there is no need for interpretation, the relevant federal statutes are identified in § 924(e) and the issue presented in *Shular* is simply not relevant.

The Court finds that Defendant is not entitled to § 2255 relief and no evidentiary hearing is necessary. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for

the United States District Courts. Accordingly, Defendant's Request for Expansion of the Record/Evidentiary Hearing (Doc.No. 84) is DENIED. Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that Mr. Curry has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on Defendant's Section 2255 motion.

**IT IS SO ORDERED** this 10th day of December 2019.

_____
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**